**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

PHYLLIS SMITH,

      Plaintiff,

      v.

GEMCAP TRUCKING, INC.; PRIME
PROPERTY & CASUALTY INSURANCE
INC.; HUMBERTO JIMENEZ, Individually;
and JOHN DOES 1–3,

      Defendants.

CIVIL ACTION NO.: 4:21-cv-243

**O R D E R**

This matter is before the Court on a "Consent Motion for Voluntary Remand" filed jointly by Plaintiff and Defendants.  (Doc. 10.)  For the reasons outlined below, the Court **GRANTS** the Motion, (id.), and **REMANDS** this case to the State Court of Bryan County, Georgia.

Plaintiff initiated this lawsuit, in which she seeks to recover damages from Defendants for injuries she allegedly suffered in an automobile collision, by filing a Complaint in the State Court of Bryan County on July 29, 2021.  (Doc. 1-1, pp. 2–11.)  The named Defendants removed the case to this Court on August 26, 2021, purportedly on the basis of diversity jurisdiction.  (Doc. 1.)  Specifically, as to citizenship, Defendants explained that Plaintiff is a North Carolina citizen, while Defendant Gemcap Trucking, Inc. ("Gemcap") is incorporated in Florida and has its principal place of business there, Defendant Humberto Jimenez, since the time of the accident, has been and continues to be a resident of Florida, and Defendant Prime Property & Casualty Insurance, Inc. ("Prime") is a foreign company existing under the laws of Illinois and has its principal place of

business in Utah.  (Id. at pp. 2–3.)  As for the amount in controversy, Defendants stated that they

"make a plausible allegation that plaintiff is seeking recovery in an amount in excess of $75,000,

exclusive of interest and costs," based on the following facts: first, "[P]laintiff seeks general

damages for alleged physical and mental pain and suffering and special damages for alleged

medical expenses;" and, second, "[o]n August 18, 2020, [P]laintiff made a demand to compromise

and settle [her] claim in exchange for payment of the sum of $150,000."  (Id. at p. 3.)  Defendants

attached a copy of the demand letter as an exhibit to their Notice of Removal.  (See doc. 1-2.)

The parties have since filed the at-issue Consent Motion for Voluntary Remand.  (Doc. 10.)

Therein, the parties advise that they have "reached an agreement whereby [P]laintiff has agreed

she will not seek, nor accept, damages from [D]efendants in excess of the sum or value of

$75,000.00, exclusive of interest and costs, in this action or any subsequent action arising from the

same subject matter."  (Id. at p. 1.)  They then proceed to state that, "[a]lthough [D]efendants

maintain they properly removed the case and the Court had subject matter jurisdiction at the time

of removal, the parties now agree, based on the Stipulation, the Court does not have diversity

jurisdiction and, accordingly, move the Court for a voluntary remand."  (Id. at p. 2.)

While the parties make clear that they have consented to remand, the Court's power to

remand based merely upon such consent is suspect.  See Mitchell & Shapiro LLP v. Marriott Int'l,

Inc., No. 1:0-CV-1180-JTC, 2008 WL 11337750, at *1 (N.D. Ga. May 28, 2008), *vacated on

reconsideration on other grounds*, 2008 WL 11337749 (N.D. Ga. June 20, 2008); see also Elliott

v. Bonefish Grill, LLC, No. 5:18-cv-46(CAR), 2018 WL 1083472, at *1 (M.D. Ga. Feb. 28, 2018).

Moreover, "a post-removal stipulation [as to the amount in controversy] does not normally divest

a federal court of jurisdiction."  Millhouse v. Brannen, No. 7:11-cv-15 (HL), 2011 WL 672337, at

*1 (M.D. Ga. Feb. 16, 2011); <u>Boyd v. Shelton</u>, No. 1:09-cv-03502-JOF, 2010 WL 1817759, at *2

(N.D. Ga. May 6, 2010) ("[O]nce a case has been removed, post-removal reductions in the amount

of damages requested do not generally divest the court of diversity jurisdiction."); <u>see also</u> <u>Wis.</u>

<u>Dep't of Corr. v. Schacht</u>, 524 U.S. 381, 391 (1998) (In a case where a post-removal event, like "a

subsequent reduction of the amount at issue below jurisdictional levels, destroys previously

existing jurisdiction," "a federal court will keep a removed case."). Thus, this Court cannot dispose

of the parties' Motion to Remand by thoughtlessly rubber-stamping their proposed order,

particularly given the fact that the removing parties maintain that the Court had subject matter

jurisdiction at the time of removal.

Nonetheless, "it is well[-]settled that a federal court is obligated to inquire into subject

matter jurisdiction *sua sponte* whenever it may be lacking." <u>Bochese v. Town of Ponce Inlet</u>, 405

F.3d 964, 975 (11th Cir. 2005). In light of the parties' Consent Motion, the Court will examine

whether it has subject matter jurisdiction.

In the present case, Plaintiff has not asserted a claim for relief under federal law. (<u>See</u> doc.

1-1.) Thus, as the parties concede, the only basis for jurisdiction in this Court would be diversity

jurisdiction. (<u>See</u> doc. 10.)

> Under 28 U.S.C. § 1332, a federal court has jurisdiction over "all civil actions
> where the matter in controversy exceeds the sum or value of $75,000" and the suit
> is between "citizens of different states." . . . Diversity jurisdiction is determined
> at the time the complaint was filed. <u>Smith v. Sperling</u>, 354 U.S. 91, 93 n.1 (1957);
> <u>Holston Inv., Inc. B.V.I. v. LanLogistics Corp.</u>, 677 F.3d 1068, 1070 (11th Cir.
> 2012).

<u>Alberto v. Progressive Ins. Co.</u>, No. 2:11-cv-203, 2013 WL 750290, at *2 (S.D. Ga. Feb. 27, 2013).

"Where the plaintiff has not plead a specific amount of damages . . . the defendant is required to

show . . . by a preponderance of the evidence that the amount in controversy can more likely than

3

not be satisfied." Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001);

see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). In such a case,

"removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint

that the amount in controversy exceeds the jurisdictional requirement." Pretka, 608 F.3d at 754

(quoting Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (alterations in

Pretka)); see also Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). If it is

"not facially apparent from the complaint, the court should look to the notice of removal and may

require evidence relevant to the amount in controversy at the time the case was removed." Pretka,

608 F.3d at 754 (quoting Williams, 269 F.3d at 1319); see also Sierminski, 216 F.3d at 949.

Here, the Complaint itemized Plaintiff's special damages (several charges for medical

services and $493.20 for lost wages) and claimed Plaintiff's "total special damages" were

$9,333.36. (Doc. 1-1, pp. 9–10.) While Plaintiff did pray for an unspecified amount of additional

damages for pain and suffering and mental anguish, it is not facially apparent that her claimed

entitlement for those categories of damages will exceed $65,666.64 so as to meet the jurisdictional

requirement.

Turning to the Notice of Removal, in an effort to meet the amount-in-controversy

requirement, Defendants pointed to Plaintiff's settlement demand, wherein Plaintiff had demanded

$150,000 to settle her claims. (Docs. 1, 1-2.) "The evidentiary value of a settlement offer in

establishing the amount in controversy depends on the circumstances of the offer." Lutins v. State

Farm Mut. Auto. Ins. Co., No. 3:10-CV-817-J-99MCR, 2010 WL 6790537, at *2 (M.D. Fla. Nov.

4, 2010). A settlement demand with detailed information supporting a plaintiff's claim for

damages should be given more weight than a settlement demand that is mere puffery and posturing.

Williams v. Circle K Stores, Inc., No. 3:21-cv-723-TJC-MCR, 2021 WL 4033308, at *1 (M.D.

Fla. Sept. 3, 2021) (citing Lutins, 2010 WL 6790537, at *2); see also Mark v. Wood Haulers, Inc.,

No. CA 09-0706-CG-C, 2009 WL 5218030, at *9 (S.D. Ala. Dec. 31, 2009) ("Settlement offers

commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in

measuring the preponderance of the evidence.  On the other hand, settlement offers that provide

'specific information . . . to support [the plaintiff's] claim for damages' suggest the plaintiff is

'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight.")

(quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)).

The Court has examined the demand letter.  In it, Plaintiff claimed that she had incurred roughly

the same amount of medical expenses as stated in the Complaint (around $9,000) and she also

asserted that she was entitled to recover for $1,899.63 in lost wages and $3,600 in lost personal

property as result of the collision.  (Doc. 1-2, p. 6.)  While Plaintiff did not specifically pray for

recovery of personal property loss in the Complaint, and her claimed total of lost wages was

apparently reduced considerably between the time the demand was sent and the Complaint was

drafted and filed, (compare doc. 1-1, pp. 2–11 with doc. 1-2, p. 6), even if the Court did include

those additional damages amounts from the demand, it would not push the amount in controversy

significantly closer to the jurisdictional requirement.  Additionally, the demand letter does not

provide a reasonable basis for concluding that the amount in controversy is $150,000, as

demanded, or that it otherwise exceeds $75,000.  The letter does not, for instance, indicate that

Plaintiff's injuries were catastrophic or that they require serious ongoing medical care; quite to the

contrary, they indicate that Plaintiff was diagnosed, by a chiropractor and a physical therapist,

with: sprains of the ligaments of her spine, segmental and somatic dysfunction of her spine, muscle

spasms in her back, low back pain, thoracic spine pain, and "weakness."[1] (Doc 1-2, pp. 5–6.)  The

demand letter indicates that, shortly after the collision, Plaintiff was treated by a chiropractor for

three months and then a physical therapist for one month.  (Id. at pp. 4–5.)  There is no indication

that she had received any treatment since her last physical therapy visit almost four months before

the demand letter was sent.  Similarly, a comparison of the demand letter and the Complaint

indicates that Plaintiff did not incur any additional medical expenses in the eleven months that

passed between when the demand letter was sent and when suit was filed.  (Compare doc. 1-2, p.

6 with doc. 1-1, p. 10.)

Accordingly, the amount in controversy has not been proven, by a preponderance of the

evidence, to have been more than $75,000 at the time of removal.  Further, Plaintiff has agreed

that she will not seek to recover and will not accept any amount in excess of $75,000 from

Defendants.  This stipulation "looms large in the jurisdictional inquiry, and merits considerable

deference."  Land Clearing Co., LLC v. Navistar, Inc., No. CIV.A. 11-0645-WS-M, 2012 WL

206171, at *4 (S.D. Ala. Jan. 24, 2012); see also Federated Mut. Ins. Co. v. McKinnon Motors,

LLC, 329 F.3d 805, 808 (11th Cir. 2003) (where plaintiff's lawyers, who "are officers of this court

and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to

the court for an improper purpose," represent that plaintiff does not seek and will not accept

damages greater than the jurisdictional minimum, "we give great deference to such representations

and presume them to be true"); Millhouse, 2011 WL 672337, at *1; Wallace v. Ky. Fried Chicken,

No. 08-248-KD-B, 2008 WL 4531773, *6 n. 13 (S.D. Ala. Oct. 9, 2008) ("In weighing motions to

---

[1]  Plaintiff apparently also complained to her physical therapist of pain and weakness in her right hip and leg, but the demand letter does not indicate that she was ever given a particular diagnosis for these issues. (See doc. 1-2, pp. 5–6.)

remand, courts in the Eleventh Circuit credit representations of counsel that their clients will neither seek nor accept recovery exceeding the jurisdictional amount."); Watson v. Nuvell Fin. Servs., LLC, No. 2:07-cv-639-WKW, 2008 WL 110923, *3 & n. 2 (M.D. Ala. Jan. 9, 2008) (remanding for want of proof of amount in controversy, where plaintiff's attorney clearly stated that plaintiff would not accept an award of greater than $75,000).  In light of these considerations, the Court finds that diversity jurisdiction is lacking and the case is due to be remanded.

For the reasons stated above, the Court **GRANTS** the parties' Consent Motion for Voluntary Remand.  (Doc. 10.)  Pursuant to 28 U.S.C. § 1447(c), this case is hereby **REMANDED** to the State Court of Bryan County, Georgia, for further proceedings. Following remand, the Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 21st day of April, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

7